UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 06-CR-815 |
| ) | 08-CR-76 |
| v. ) | |
| ) | Statement of Reasons Pursuant to |
| ) | 18 U.S.C. § 3553(c)(2) |
| JAMES OUTERIE, ) | |
| ) | FILED |
| Defendant. ) | IN CLERK'S OFFICE |
| ) | U.S. DISTRICT COURT E.D.N.Y. |
| | ★ MAR 1 9 2009 ★ |
| | BROOKLYN OFFICE |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On June 3, 2008, James Outerie pled guilty to a fourth-superseding information in case number 06-CR-815, which charged that between December 2004 and February 2006, the defendant, together with others, being a person employed by and associated with the Gambino Family, an enterprise that engaged in, and the activities of which affected, interstate commerce, conspired to violate 18 U.S.C. § 1962(c) by conducting and participating in the conduct of the affairs of the enterprise through a pattern of racketeering activity as defined in 18 U.S.C. §§ 1961(1) and (5), in violation of 18 U.S.C. § 1962(d). Within count one, Outerie pled guilty to racketeering acts one and two. Racketeering act one charged that in December 2004, the defendant, together with others, conspired to extort money and property belonging to John Doe #6, through the use of force, violence and fear, in violation of 18 U.S.C. § 1951(a). Racketeering act two charged that in December 2004, the defendant, together with others, conspired to extort money and property belonging to John Doe #7 and John Doe #8, through the use of force, violence and fear, in violation of 18 U.S.C. § 1951(a).

On June 3, 2008, Outerie also pled guilty to a sixth-superseding information in case number 08-CR-76, which charged that between November 2005 and February 2007, the defendant, together with others, being a person employed by and associated with the Gambino Family enterprise, conspired to violate 18 U.S.C. § 1962(c) by conducting and participating in the conduct of the affairs of the enterprise through a pattern of racketeering activity as defined in 18 U.S.C. §§ 1961(1) and (5), in violation of 18 U.S.C. § 1962(d). Within count one, the defendant pled guilty to racketeering acts one and two. Racketeering act one charged that between November 2005 and May 2006, the defendant, together with others, conspired to use extortionate means to collect an extension of credit from John Doe #6A, in violation of 18 U.S.C. § 894(a)(1). Racketeering act two charged that between March 2006 and May 2006, the

defendant, together with others, conspired to use and used extortionate means to collect an extension of credit from John Doe #8, in violation of 18 U.S.C. § 894(a)(1).

Outerie was sentenced on December 5, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total combined offense level to be eighteen and defendant's criminal history category to be three, yielding a guidelines range of imprisonment of between thirty-three and forty-one months. A two-level enhancement pursuant to U.S.S.G. § 2B3.2(b)(1) was applied because the victims were subject to an implied threat of violence from Outerie in light of this defendant's status in the organized crime family which carries a reputation for violence. The maximum term of imprisonment was twenty years on each docket number. 18 U.S.C. § 1963(a). The guidelines range of fine was from $6,000 to $60,0000. The open charges were dismissed upon motion by the government.

Outerie was sentenced to thirty-three months imprisonment and three years supervised release. A $200 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The court recommended that the defendant pursue a GED while incarcerated.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious since it involves an organized crime enterprise. The defendant has an infant child and a good work history. A sentence of thirty-three months imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in organized crime will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. It is unlikely that he will engage in further criminal activity in light of his family circumstances and responsibilities.

Jack B. Weinstein
Senior United States District Judge

Dated: December 24, 2008
Brooklyn, New York

4